Meyer, J.
(dissenting). Respectfully I dissent. I cannot accept the majority’s distinction between this case and People ex rel. Brown v Johnston (9 NY2d 482). Defendant was committed to a correctional institution for incarceration in the normal prison setting, except as his conduct, proscribed by valid *692 regulations, permits his confinement in more restricted detention (Correction Law § 137 [6]; see, 7 NYCRR 254.7 [3]). To permit solitary confinement* on the basis of invalid regulations is to confine defendant in a manner "different in nature and separate from the correctional facility to which” he was committed, just as it was in Brown. Habeas corpus, therefore, lies.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Meyer dissents and votes to reverse in an opinion in which Judge Titone concurs.
Order affirmed, without costs, in a memorandum.

By definition, inmates placed in a special housing unit (SHU) are not permitted to "commingle with the general inmate population” (7 NYCRR 300.2 [b]) and inmates, such as relator, whose SHU confinement was part of a segregation unit, are not permitted to "commingle with each other” (7 NYCRR 300.2 [c]). The State does not dispute, moreover, the statements in relator’s brief that he was confined to a solitary cell for 23 hours per day, that he was permitted to exercise daily for one hour in a single, empty cell (see, 7 NYCRR 301.5 [b]) and to shower once each week (see, 7 NYCRR 301.5 [a]) and that his visitation privileges were subject to restrictions (see, 7 NYCRR 301.6).